IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2012

**STATE OF TENNESSEE v. CORNELIUS PHILLIPS**

**Direct Appeal from the Circuit Court for Lauderdale County**
**Nos. 8905, 8906        J. Weber McCraw, Judge**

**No. W2011-00652-CCA-R3-CD  - Filed April 17, 2012**

The defendant, Cornelius Phillips, pled guilty in the Circuit Court of Lauderdale County in two separate cases to two counts of aggravated burglary, two counts of theft of property over $1000, and one count of attempted aggravated burglary, for which he received an effective sentence of sixteen years in the Department of Correction. On appeal, he argues that the trial court erred by failing to consider applicable mitigating factors and the principles of sentencing in setting the lengths of the sentences and by inappropriately ordering consecutive sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Amber F. Sauber, Brownsville, Tennessee, for the appellant, Cornelius Phillips.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; D. Michael Dunavant, District Attorney General; and Julie Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On October 4, 2010, the Lauderdale County Grand Jury returned two indictments against the defendant, charging him in case number 8906 with aggravated burglary and theft over $1000, based on his July 5, 2010 burglary and theft of items from the home of Joseph Walker; and in case number 8905 with aggravated burglary, theft over $1000, and attempted aggravated burglary, based on his July 8, 2010 burglary and theft of items from the home of

William Drew and his attempted burglary of the home of Herman Reviere.

On February 16, 2011, the defendant pled guilty to the indicted offenses in both cases, leaving his sentences to the trial court's later determination. At the February 23, 2011 sentencing hearing, the parties agreed that the defendant was a Range II, multiple offender, which made him subject to a four- to eight-year sentence for the Class D felony of attempted aggravated burglary, to a six- to ten-year sentence for the Class C felony of aggravated burglary, and to a four- to eight-year sentence for the Class D felony of theft over $1000.

The twenty-six-year-old defendant testified that he had three children, ages nine, seven, and six, whom he visited regularly prior to his confinement. He acknowledged that he committed the instant offenses only one week after having been released from confinement on supervised probation in another case, and he expressed his remorse for his actions, testifying that he was willing to pay restitution to the victims. He said he had submitted four different job applications during the week since his release on supervised probation but had not been able to find employment due to his criminal record. He blamed his criminal record, which included a number of burglary and theft convictions, on his addiction to cocaine and expressed his belief that he needed a drug rehabilitation program in order to overcome his addiction and turn his life around.

The defendant testified that, were he to be granted release into the community, he intended to live with his father, who had recently moved back to Tennessee from Georgia to help him. He stated that he had never committed a felony involving serious bodily injury, was not carrying any kind of weapon at the time he committed the instant offenses, and immediately abandoned his attempt to take property from one of the homes when he realized that the residents were present. The defendant said that he wanted to live a law-abiding life and believed that with the support of his father, he would be successful in completing drug treatment and securing employment.

On cross-examination, the defendant acknowledged that his criminal record included several violations of probation.

A letter of apology that the defendant had written to the assistant district attorney, along with the defendant's presentence report, which reflected that the defendant had eight prior felonies and four misdemeanors, were admitted as exhibits to the hearing.

At the conclusion of the hearing, the trial court found the following enhancement factors applicable to the offenses: the defendant's previous history of criminal convictions or criminal behavior in addition to those that placed him in the appropriate range, and the defendant's previous failures to comply with the conditions of a sentence involving release

into the community. See Tenn. Code Ann. § 40-35-114(1), (8) (2010). The trial court found one applicable mitigating factor: that the defendant's conduct did not cause or threaten serious bodily injury. See id. § 40-35-113(1). Applying great weight to the applicable enhancement factors, the trial court sentenced the defendant as a Range II offender in case number 8905 to concurrent terms of six years for the attempted aggravated burglary conviction, eight years for the aggravated burglary conviction, and six years for the theft of property conviction. The trial court sentenced the defendant in case number 8906 to concurrent terms of eight years for the aggravated burglary conviction and six years for the theft conviction. Finding that the defendant had committed the felonies while on probation, the trial court ordered that the sentences in each case run consecutively to each other, for a total effective sentence of sixteen years in the Department of Correction.

## ANALYSIS

The defendant contends that the trial court erred in setting the length of the sentences by not considering applicable mitigating factors such as his expressions of remorse, his desire for drug rehabilitation, and the fact that he pled guilty, as well as the appropriate principles of sentencing, including that "the sentence imposed should be the least severe measure necessary to achieve the purpose for which the sentence is imposed." He further contends that the trial court erred by ordering that the sentences in each case be served consecutively to each other. In support, he cites State v. Desirey, 909 S.W.2d 20, 33 (Tenn. Crim. App. 1995), for the proposition that "the aggregate sentence imposed should be the least severe measure necessary to protect the public from a defendant's future criminal conduct and should bear some relationship to a defendant's potential for rehabilitation." The State responds by arguing that the sentences should be affirmed because the trial court properly considered all criteria required by the sentencing statute, imposed sentences within the applicable ranges, and explained its reasons for imposing the sentences. We agree with the State.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2010). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2010); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

In imposing a specific sentence within a range, a trial court "shall consider, but is not bound by" certain advisory sentencing guidelines, including that the "minimum sentence within the range of punishment is the sentence that should be imposed" and that "[t]he sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors[.]" Tenn. Code Ann. § 40-35-210(c)(1), (2). The weighing of the various mitigating and enhancement factors is "left to the trial court's sound discretion." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of a number of statutory criteria applies, including that "[t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(6).

The record reveals that the trial court, in imposing the sentences, appropriately considered the relevant principles of sentencing, including the defendant's potential for rehabilitation and his desire for drug treatment, as well as whether measures less severe than confinement had been applied to the defendant and whether confinement was necessary to protect society from the defendant. The trial court's ruling states in pertinent part:

> The Court also puts great emphasis on your prior criminal history and the prior actions and character of the defendant. Next, the Court considers whether or not the defendant might reasonably be expected to be rehabilitated, his

potential or lack of potential for rehabilitation, including the risk that during any period of probation, you might commit another crime. Again, the Court weighs heavily upon this because while on probation you did commit other crimes.

Likewise, the Court considers whether or not it will reasonably appear that he will abide by the terms of probation. He's indicated that he does not abide by probation. The Court also considers whether or not the interest of society in being protected from possible future criminal conduct by defendant is great. The Court does find that it's great. Again, for the record, while on a short release he victimized two different families. There have been measures less restrictive than confinement attempted on the defendant that ha[ve] been unsuccessful.

[The defendant] talked about needing some rehab. There have been avenues available for you to go to rehab. You just did not choose those. You had those out there while you were on probation. I know you can speak with your probation officer. They can assist you in finding the appropriate rehabilitation. You had that available and you did not seek that.

The record also supports the trial court's order of consecutive sentencing based on its finding that the defendant was on probation at the time he committed the offenses. The defendant himself acknowledged that he had been out of jail less than one week on supervised probation in another case, in which his probation had already been revoked and reinstated once, when he committed the offenses. We agree with the State that Desirey, which the defendant cites in support of his argument against consecutive sentencing, is distinguishable from the case at bar. In that case, this court reversed the trial court's order of consecutive sentencing, observing that the record did not contain substantial evidence to support a finding that the aggregate length of the defendant's sentence was necessary to protect the public from his further criminal conduct and that the record showed that the defendant, who was gainfully employed and had successfully completed a term in a halfway house, had "substantial potential for rehabilitation." 909 S.W.2d at 33. In this case, by contrast, the defendant was unemployed, had a substantial criminal history, and had repeatedly violated his probation in prior cases. We, therefore, affirm the trial court's sentencing determinations.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE